**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
October 24, 2013

Lyle W. Cayce
Clerk

No. 13-50066
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SEDRICK DEMON MCCARTHER,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:12-CR-296-1

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Sedrick Demon McCarther appeals his 60-month above-guideline sentence, claiming that the sentence is greater than necessary to achieve the sentencing goals of 18 U.S.C. § 3553(a) and is thus unreasonable. We review sentences for substantive reasonableness under an abuse of discretion standard. *United States v. Johnson*, 619 F.3d 469, 471-72 (5th Cir. 2010). McCarther's complaint that the drug offense guideline, U.S.S.G. § 2D1.1, is not empirically based is foreclosed by our precedent. *See United States v. Duarte*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

569 F.3d 528-29 (5th Cir. 2009); *United States v. Mondragon-Santiago*, 564 F.3d 357 366-67 (5th Cir. 2009).

Pointing out that he received a 36-month revocation sentence to run consecutively to his instant sentence, McCarther contends that a shorter sentence provides adequate deterrence. He also asserts that his personal history supports a lesser sentence, noting that he had a close relationship with his mother and siblings, struggled with substance abuse, and is attempting to find ways to support his children.

The record shows that the district court heard counsel's argument on McCarther's behalf regarding his substance abuse problems and the lack of aggravating circumstances. The court's remarks also reflect that it gave greater weight to McCarther's long and serious criminal history, his continual recidivism, his apparent need for greater deterrence, and the goal of protecting the public from his wrongdoing. The district court considered the § 3553(a) factors and gave individualized, case-specific reasons for its sentence. The upward variance was not an abuse of discretion. *See Johnson*, 619 F.3d at 471-72; *United States v. McElwee*, 646 F.3d 328, 338 (5th Cir. 2011). The sentence is AFFIRMED.